GAIDRY, J.
|2In this case, the Morgan City Housing Authority (MCHA) appeals a ruling of the Louisiana Department of State Civil Service affirming the Civil Service Commission Referee’s decision to overturn the MCHA’s termination of employee Joseph Bergeron, Jr. Finding no abuse of discretion in the Department’s ruling, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Joseph Bergeron, Jr., was employed by the MCHA as a Maintenance Repairer 2 with permanent status. He was terminated January 14, 2005 for violating the MCHA’s attendance policy by having three consecutive unreported/unexcused absences. The MCHA’s Personnel Policy Handbook provides the following with regard to attendance and sick leave:
3.1 POLICY ON ATTENDANCE AND TARDINESS
The efficient operation of MCHA depends on having a full complement of employees working each and every day. Reporting late for work and/or unnecessary absences from your job can seriously impede the operations of the Authority. You must notify your supervisor at least thirty (30) minutes prior to the beginning of work on the first day of your absence and indicate the day you intend to return to work. All leave must be approved by your supervisor.
*686 [[Image here]]
A. Excused Absence — Absence due to one of the following reasons:
1. Illness or injury accompanied with medical certification
[[Image here]]
B. Unexcused Absence — An absence will be considered unexcused if not covered above. Excessive absenteeism, excused or unexcused, will be grounds for corrective disciplinary action.
laC. Unreported Absence — Unreported absences are considered unexcused absences. Employees absent for three (3) consecutive days of unreported absences will be automatically terminated.
[[Image here]]
5.3 SICK LEAVE POLICY
Sick leave benefits are available only if you are ill or if you have a medical or dental appointment....
[[Image here]]
PROCEDURES
Employees must notify their supervisor no later than ½ hour before the shift begins on the first day of the illness of the intent to use sick leave and the day you anticipate returning. In the case of a lengthy illness, employees should report their condition to their supervisor each week, or more often if requested. In order to be approved for sick leave, employees must complete a Request for Leave form. The leave is not approved unless this form is signed by your supervisor.
Mr. Bergeron appealed his termination in a timely fashion to the State Civil Service Commission, requesting reinstatement and back wages. In his appeal, Mr. Ber-geron asserted that he had in fact informed his supervisors that he would be on sick leave and that he was not required to call in daily.
After a hearing, the Civil Service Commission Referee found that although Mr. Bergeron was on sick leave the week of December 13-17, 2004, he was not on leave and did not call in to report his absences on December 20, 21, or 22, 2004. Given the language of the sick leave policy, Mr. Bergeron should have called in at least once during the week of December 20, 2004, and his failure to do so violated the sick leave call-in policy. As such, the Referee determined that Mr. Bergeron’s absences were unreported/unexcused. Despite this finding, and the fact that the MCHA’s policy specifically states that automatic dismissal is the penalty for three consecutive unexcused/unreported absences, the referee noted that the Civil |4Service Commission and its referees have a duty to decide whether the punishment imposed is commensurate with the dereliction, and concluded that the termination of Mr. Bergeron’s employment was too harsh a sanction and unwarranted under the circumstances. The Referee reduced Mr. Bergeron’s termination to a seven-day suspension without pay and awarded him back pay from the end of his suspension until the time he returned to his position, with an offset for unemployment compensation received and wages earned during that period, plus legal interest. No attorney’s fees were awarded.
The MCHA requested a review of the Referee’s decision by the Civil Service Commission, arguing that the Referee’s decision that termination of employment was too harsh a sanction did not take into consideration Mr. Bergeron’s poor work history or repeated reprimands, in addition to his current violation. The Civil Service Commission denied the application for review, and the decision of the Referee became the final decision of the commission. *687 The MCHA then filed the instant appeal, asserting that the Civil Service Commission committed manifest error in upholding the Referee’s decision.
DISCUSSION
Dismissal from permanent employment is the most extreme form of disciplinary action that can be taken against classified state employees, and as such, the Civil Service Commission has a duty to decide whether the appointing authority had good or lawful cause for taking disciplinary action, and if so, whether the punishment imposed is commensurate with the dereliction, in reviewing the Civil Service Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this court |fishouId not modify the commission’s order unless it is arbitrary, capricious or characterized by an abuse of discretion. Guillory v. Department of Transp. and Development, Div. of Maintenance and Field Operation, (La.App. 1 Cir. 6/25/85), 475 So.2d 368, 370-71.
After a thorough review of the record, we conclude that although we would have decided this matter differently given Mr. Bergeron’s poor work history and repeated reprimands, we cannot say that the Civil Service Commission abused its discretion in upholding the Referee’s decision to reduce Mr. Bergeron’s termination to a suspension without pay.
DECREE
The decision of the Civil Service Commission is affirmed. Costs of this appeal are assessed to the MCHA.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.